IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| MICHAEL D. STAPP, | Cause No. CV-20-36-H-BMM-JTJ |
| Plaintiff, | |
| vs. | ORDER |
| ANDREW M. SAUL, Commissioner of Social Security, | |
| Defendant. | |

## INTRODUCTION

Plaintiff Michael D. Stapp ("Stapp" or "Plaintiff") brings this action under 42 U.S.C. § 405(g) seeking judicial review of an unfavorable decision by the Commissioner of Social Security ("Commissioner" or "Defendant"). (Docs. 1 & 9). Stappb was denied disability benefits at the initial and review levels. (Doc. 7 at 1–5, 11–15). Administrative Law Judge ("ALJ") Richard Opp issued an unfavorable decision on March 5, 2019. (Doc. 7 at 11–15). Defendant filed the Administrative Record on June 30, 2020. (Doc. 7).

1

Plaintiff filed an opening brief on August 26, 2020. (Doc. 9). He asks the Court to remand the matter to the ALJ for proper consideration and application of the relevant law. (Doc. 9 at 14). Plaintiff's case is fully briefed and ripe for the Court's review. (Docs. 9, 14, 17).

## JURISDICTION

The Court has jurisdiction over this action under 42 U.S.C. § 405(g). Venue is proper given that Plaintiff resides in Cascade County, Montana. 29 U.S.C. § 1391(e)(1); L.R. 1.2(c)(3).

## PROCEDURAL BACKGROUND

Plaintiff protectively filed a Title II application for a period of disability and disability insurance benefits in November 2016, alleging disability beginning September 1, 2016. (Doc. 7 at 11). The ALJ identified that Plaintiff had engaged in substantial gainful activity from January 2017 through May 2018. (Doc. 7 at 13). The ALJ further found that there was no continuous 12-month period during which Plaintiff had not engaged in substantial gainful activity, neither from the alleged onset of disability in 2017 nor from the end of his job in May 2018. (Doc. 7 at 14). The ALJ concluded that Plaintiff had not been under disability as defined in the Social Security Act from September 1, 2016 through the date of the decision. (Doc. 7 at 14). The Appeals Council rejected Plaintiff's appeal on May 25, 2019. (Doc. 7 at 1). Plaintiff subsequently filed the instant action. (Doc. 1).

## STANDARD OF REVIEW

The Court conducts a limited review in this matter. The Court may set aside the Commissioner's decision only where the decision is not supported by substantial evidence or where the decision is based on legal error. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence also has been described as "more than a mere scintilla," but "less than a preponderance." *Desrosiers v. Sec. of Health and Human Services*, 846 F.2d 573, 576 (9th Cir. 1988).

## BURDEN OF PROOF

A claimant is disabled for purposes of the Social Security Act if the claimant demonstrates by a preponderance of the evidence that (1) the claimant has a "medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months;" and (2) the impairment or impairments are of such severity that, considering the claimant's age, education, and work experience, the claimant is not only unable to perform previous work but also cannot "engage in any other kind of substantial gainful work which exists in the

3

national economy." *Schneider v. Comm'r of the Soc. Sec. Admin.*, 223 F.3d 968, 974 (9th Cir. 2000) (citing 42 U.S.C. § 1382(a)(3)(A), (B)).

Social Security Administration regulations provide a five-step sequential evaluation process to determine disability. *Bustamante v. Massanari*, 262 F.3d 949, 953–54 (9th Cir. 2001); 20 C.F.R. §§ 404.1520, 416.920. The five steps are:

1. Is the claimant presently working in a substantially gainful activity? If so, the claimant is not disabled within the meaning of the Social Security Act. If not, proceed to step two. *See* 20 C.F.R. §§ 404.1520(b), 416.920(b).

2. Is the claimant's impairment severe? If so, proceed to step three. If not, the claimant is not disabled. *See* 20 C.F.R. §§ 404.1520(c), 416.920(c).

3. Does the impairment "meet or equal" one of a list of specific impairments described in 20 C.F.R. Part 220, Appendix 1? If so, the claimant is disabled. If not, proceed to step four. *See* 20 C.F.R. §§ 404.1520(d), 416.920(d).

4. Is the claimant able to do any work that he or she has done in the past? If so, the claimant is not disabled. If not, proceed to step five. *See* 20 C.F.R. §§ 404.1520(e), 416.920(e).

5. Is the claimant able to do any other work? If so, the claimant is not disabled. If not, the claimant is disabled. *See* 20 C.F.R. §§ 404.1520(f), 416.920(f).

*Bustamante*, 262 F.3d at 954. The claimant bears the burden of proof at steps

one through four. *See id.* The Commissioner bears the burden of proof at step five. *See id.*

## BACKGROUND

### I. THE ALJ'S DETERMINATION

The ALJ followed the 5-step sequential evaluation process in evaluating Plaintiff's claim. At step one, the ALJ found that Plaintiff met the insured status requirements of the Social Security Act through December 31, 2023. (Doc. 7 at 13). The ALJ identified that Plaintiff had engaged in substantial gainful activity from January 2017 through May 2018. (Doc. 7 at 13). The ALJ further found that there was no continuous 12-month period during which Plaintiff had not engaged in substantial gainful activity, neither from the alleged onset of disability in 2017 nor from the end of his job in May 2018. (Doc. 7 at 14).

The ALJ did not conduct steps two through five of the 5-step evaluation process. The ALJ concluded that Plaintiff had not been under disability as defined in the Social Security Act from September 1, 2016 through the date of the decision. (Doc. 7 at 14).

### II. Plaintiff's Position

Plaintiff argues that the ALJ erred when he ignored his obligation to develop the record in view of the attorney withdrawal shortly after the date of disability eight months before the hearing. (Doc. 9 at 4). Plaintiff argues that the ALJ's failure to

develop the record led the ALJ to improperly determine that Stapp's impairments were not expected to preclude substantial gainful activity for 12 months following the end of Stapp's job in May 2018. (Doc. 9 at 12).

### III. Commissioner's Position

The Commissioner asserts that the Court should affirm the ALJ's decision because he properly concluded that Plaintiff was not disabled. (Doc. 14 at 2–4).

## DISCUSSION

Plaintiff argues that the ALJ erred in concluding that Plaintiff was not disabled at step one. For the reasons set forth below, the Court agrees that the ALJ improperly failed to develop the record for an unrepresented claimant in light of potential medical evidence of disability. Such evidence led the ALJ to issue an erroneous determination that Stapp's disability and inability to engage in substantial gainful activity could be expected to last for a 12-month period. Those errors prove dispositive and the Court remands the case for further proceedings to develop the proper administrative record.

### I. Legal Standard

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or

6

can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *see also* 42 U.S.C. § 1382c(a)(3)(A).

"The ALJ has a duty to develop the record . . . even when the claimant is represented by counsel." *DeLorme v. Sullivan*, 924 F.2d 841, 849 (9th Cir. 1991). When a claimant is not represented by counsel, "it is incumbent upon the ALJ to scrupulously and conscientiously probe into, inquire of, and explore for all the relevant facts." *Higbee v. Sullivan*, 975 F.2d 558, 561 (9th Cir. 1992) (per curiam) (quoting *Cox v. Califano*, 587 F.2d 988, 991 (9th Cir. 1978)); *see also Celaya v. Halter*, 332 F.3d 1177, 1183 (9th Cir. 2003). For example, "[i]f the ALJ thought he needed to know the basis of [a doctor's] opinions in order to evaluate them, he had a duty to conduct an appropriate inquiry, for example, by subpoenaing the physicians or submitting further questions to them." *Smolen v. Chater*, 80 F.3d 1273, 1288 (9th Cir. 1966); *see also McLeod v. Astrue*, 640 F.3d 881, 885 (9th Cir. 2011) (as amended) ("A specific finding of ambiguity or inadequacy of the record is not necessary to trigger this duty to inquire, where the record establishes ambiguity or inadequacy."); *Tonapetyan v. Halter*, 232 F.3d 1144, 1150 (9th Cir. 2001); *Tidwell v. Apfel*, 161 F.3d 599, 602 (9th Cir. 1999) (as amended); *Armstrong v. Comm'r of Soc. Sec. Admin.,* 160 F.3d 587, 589–90 (9th Cir. 1998) (holding that where the record is ambiguous as to the onset date of disability, the ALJ must call a medical expert to aid in determining the onset date).

## II.     Application to Stapp's Claim

Attorney Rob Levine filed an appointment of representative form to represent Stapp on August 15, 2017. (Doc. 7 at 68). Levine submitted a withdrawal of representative letter dated July 31, 2018. (Doc. 7 at 94). At the ALJ hearing held February 20, 2019, Plaintiff testified that he found out that Levine had withdrawn a month before his hearing. (Doc. 7 at 22–23). Plaintiff remained without representation at his ALJ hearing. The ALJ retained a duty to inquire "scrupulously and conscientiously probe into, inquire of, and explore for all the relevant facts." *Higbee v. Sullivan*, 975 F.2d at 561 (per curiam) (quoting *Cox v. Califano*, 587 F.2d at 991).

Stapp's application and testimony included several ambiguities that necessitated further ALJ inquiry. Two ambiguities represent threshold issues: 1) Stapp's disability onset timing; and 2) whether Stapp's medical conditions *could be expected* to prevent Stapp from engaging in substantial gainful activity for a 12-month period. In particular, the ALJ failed to assess whether Stapp's medical conditions could be expected to prevent substantial gainful employment beginning in May 2018 when his most recent job concluded.

The ALJ failed to develop a full record about Stapp's disability onset. Stapp's disability application presented ambiguity regarding his disability onset. Stapp applied for disability insurance benefits on November 15, 2016. (Doc. 7 at 125). He

noted in that application that the disabling condition began September 1, 2016, but also ended in September 2016. (Doc. 7 at 125). This discrepancy created an ambiguity that the ALJ retained a duty to examine.

The ALJ erred when he failed to develop the record necessary to determine whether Stapp's medical conditions *could be expected* to make Stapp unable to engage in substantial gainful activity for a 12-month period. Stapp testified that he suffers from a compound set of debilitating medical conditions. Stapp testified that he suffers from seizures that affect his speech and reading comprehension and that trigger tremors in his arms and hands. (Doc. 7 at 27–28). Stapp testified that he has had a vagal nerve stimulator implanted to control his seizures, and that the implant shocks him ever minute for 13 seconds. (Doc. 7 at 27). That shock disables his speech each minute as reflected in the transcript. (Doc. 7 at 22–23). Stapp also testified that his seizure complex causes fatigue, headaches, numbness, drooling, and manifestations of obsessive-compulsive disorder. (Doc. 7 at 27–28).

Stapp applied for disability insurance benefits on November 15, 2016. (Doc. 7 at 125). Records show that Stapp then worked at Lowes from January 2017 until May 2018. (Doc. 7 at 13–14). Stapp testified at the ALJ hearing that his last day of work was May 23, 2018. (Doc. 7 at 24). Stapp specifically noted that he was terminated for absences linked to a failure of his workplace to continue to provide work accommodations for his seizure disorder. (Doc. 7 at 24).

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . which . . . *can be expected to last* for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A) (emphasis added). The ALJ determined that there was "no continuous period during which [Plaintiff] has not engaged in substantial gainful activity – neither from the alleged onset of disability to the beginning of 2017, nor from the end of his job at Lowe's to the present." (Doc. 7 at 14). The ALJ crucially *did not* determine whether Stapp's disability "can be expected to last" for 12 months following his dismissal. 42 U.S.C. § 423(d)(1)(A).

At the time of the hearing, Stapp had experienced nine months of unemployment. The ALJ failed to determine whether Plaintiff's failure to engage in substantial gainful activity "can be expected to last" for 12 months *following* his dismissal from Lowes—a mere additional three months after the hearing. The ALJ further failed to develop the record required to make such a determination. Stapp and his former counsel did not submit additional medical records for care after October 31, 2017. Stapp also did not submit medical records after his counsel's withdrawal, or for any time prior to the hearing on February 20, 2019. The ALJ inquired at the hearing about Stapp's medical conditions, medical care, and the location of medical records, but failed to seek out any records or testimony that would be required to assess Stapp's potential disability. (Doc. 7 at 24–34). For

example, the ALJ asked "would your VA records be available, then, through Fort Harrison?" (Doc. 7 at 26). Such records would be necessary to determine whether Stapp's medical conditions could be expected to prevent him from engaging in substantial gainful activity for a period of not less than 12 months.

The ALJ should have developed the administrative record to make a finding whether Stapp's medical conditions could be expected to prevent him from engaging in substantial gainful activity for a period of not less than 12 months. The ALJ should have then continued to engage in the five-step evaluation process.

### III. Remedy

"Remand for further administrative proceedings is appropriate if enhancement of the record would be useful." *Benecke v. Barnhart*, 379 F.3d 587, 593 (9th Cir. 2004). When the record is fully developed and further proceedings would serve no useful purpose, the Court may remand for an immediate award of benefits. *Id.* Remand for an award of benefits proves appropriate if there are no outstanding issues that must be resolved before a determination of disability can be made and if it is clear from the record that the ALJ would be required to find the claimant disabled if the ALJ properly had credited a treating or examining physician's opinion. *Id.* (citing *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000)).

Remand for further administrative proceedings proves appropriate here. The record is not yet fully developed, and further proceedings are necessary to develop the record. The lack of record led the ALJ to his erroneous decision. The Court will reverse the Commissioner's final decision denying Plaintiff disability insurance benefits and remand for further proceedings.

## ORDER

Accordingly, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Motion (Doc. 9) is **GRANTED**.

2. The Commissioner's final decision denying Plaintiff's claims for disability insurance benefits is **REVERSED** and **REMANDED** for further proceedings.

3. The Clerk of Court is directed to enter judgment accordingly.

DATED this 31st day of March, 2021.

_____
Brian Morris, Chief District Judge
United States District Court

12